UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ADAM IRA ASHER,<br><br>                Plaintiff,<br><br>    v.<br><br>PIERCE COUNTY JAIL, *et al.*,<br><br>                Defendants. | Case No.  C07-5235 RBL/KLS<br><br>REPORT AND RECOMMENDATION<br><br>**Noted for: October 26, 2007** |

This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. It has been more than sixty days since mail addressed to Plaintiff was returned to the Court. The Court does not have a current address for Plaintiff. Plaintiff appears to have abandoned this action.

**I. DISCUSSION**

On May 10, 2007, Plaintiff filed a motion for leave to proceed *in forma pauperis.* (Dkt. # 1). Plaintiff submitted no authorization or acknowledgment form, no written consent form and no prison trust account statement. (*Id.*). On May 15, 2007, the Clerk of the Court sent a letter to Plaintiff informing him that he must either pay the court filing fee or submit a proper application to proceed *in forma pauperis* by June 14, 2007, or this matter could be subject to dismissal. (Dkt. # 2).

On June 21, 2007, Plaintiff was ordered to cure the deficiencies in his application to proceed *in forma pauperis* by providing no later than July 31, 2007, a copy of his prison trust account statement pursuant to 28 U.S.C. § 1915(a)(2) showing the balance and activity of his account(s) for the six-month period immediately preceding the filing of his complaint, a copy of the acknowledgment and

REPORT AND RECOMMENDATION
Page - 1

1  authorization form pursuant to 28 U.S.C. § 1915(b), and the written consent required by Local Rule CR
2  3(b). (Dkt. # 3). Plaintiff did not respond to the order to show cause nor did he request an extension of
3  time within which to respond.

4  Plaintiff's mail with the Court's Order to Show Cause (Dkt. # 3), addressed to Plaintiff at his last
5  known address, was returned to the Court as "Undeliverable." (Dkt. # 4). Plaintiff failed to notify the
6  Court of any change in his address. As this action has existed for more than sixty days without
7  notification from Plaintiff of his current address, dismissal of this action is appropriate pursuant to Local
8  Rule 41(b)(2), which provides:

> A party proceeding pro se shall keep the court and opposing parties advised as to
> his current address. If mail directed to a pro-se plaintiff by the clerk is returned by
> the post office, and if such plaintiff fails to notify the court and opposing parties
> within sixty days thereafter of his current address, the court may dismiss the action
> without prejudice for failure to prosecute.

13  Accordingly, the undersigned recommends **DISMISSAL WITHOUT PREJUDICE** for failure to
14  prosecute pursuant to Local Rule 41(b)(2).

## II.  CONCLUSION

16  The Court should dismiss this action as Plaintiff has left no forwarding address and appears to
17  have abandoned the case. A proposed order accompanies this Report and Recommendation.

18  Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall
19  have
20  ten (10) days from service of this Report and Recommendation to file written objections thereto. *See also*
21  Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of
22  appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P.
23  72(b), the Clerk is directed to set this matter for consideration on **October 26, 2007**, as noted in the
24  caption.

25  Dated this  1st  day of October, 2007.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 2